FILED

2007 SEP 25 AM 9:10

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAUSTINO ROBINSON,<br><br>Plaintiff,<br><br>v.<br><br>GARY HUBBARD, et al.,<br><br>Defendants. | CASE NO. 07-CV-1560 W (CAB)<br><br>ORDER (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; (2) DISMISSING COMPLAINT; (3) ALLOWING ROBINSON TO SHOW CAUSE WHY HE SHOULD NOT BE DECLARED A VEXATIOUS LITIGANT |

On August 8, 2007, Plaintiff Faustino Robinson commenced this action against Gary Hubbard and Doug Harvey ("Defendants"), in their capacity as managers or staff of the Plaza Hotel. Plaintiff now seeks to proceed in forma pauperis. The court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d.1). For the reasons outlined below, the Court **GRANTS** the motion to proceed *in forma pauperis*, **DISMISSES** the complaint for failure to state a claim upon which relief can be granted sua sponte, and **ORDERS** Robinson to show cause why the court should not designate him a vexatious litigant.

I.   Background

On August, 8, 2007, Robinson filed this action against Gary Hubbard and Doug Harvey pro se. Robinson appears to claim that the Defendants are reading his mail. This is the third complaint that asserts this same cause of action; the first two were dismissed for failure to state a claim upon which relief can be granted and for failure to timely prosecute. See Faustino Robinson v. Doug Harvey, No. 06-cv-1455 ("Robinson VII"); Faustino Robinson v. Gary Hubbard, et. al., No. 06-cv-2324 ("Robinson VIII").

Robinson has filed the following lawsuits in this district over the past two years: Robinson v. Brohos, No. 07-cv-875 ("Robinson I"); Robinson v. Immigration Deportation, No. 06-cv-438 ("Robinson II"); Robinson v. INS, No. 06-cv-338 ("Robinson III"); Robinson v. Social Security, No. 06-cv-761 ("Robinson IV"); Robinson v. Burns, No. 07-cv-1095 ("Robinson V"); Robinson v. Burns, No. 07-cv-1380 ("Robinson VI"); Robinson v. Harvey, No. 06-cv-1455 ("Robinson VII"); Robinson v. Hubbard, No. 06-cv-2324 ("Robinson VIII"). Robinson has proceeded *in forma pauperis* in each of these lawsuits.

Robinson now seeks to proceed *in forma pauperis* here.

II.   Motion to Proceed in Forma Pauperis

A.   Legal Standard

The determination of indigency falls within the district court's discretion. Cal. Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), rev'd on other grounds, 506 U.S. 194 (1993) ("[28 U.S.C. §] 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."). A party need not be completely destitute to proceed IFP. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339–40 (1948); see also Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995) ("[T]he filing fee, while discretionary, should not take the prisoner's last dollar."). Rather, to satisfy the requirements of 28 U.S.C. § 1915(a), an affidavit need only state that one cannot

"because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." <u>Adkins</u>, 335 U.S., at 339. At the same time, however, the court must "assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." <u>Temple v. Ellerthorpe</u>, 586 F. Supp. 848, 850 (D.R.I. 1984).

B.   **Robinson meets the requirements to proceed in forma pauperis.**

Robinson is currently unemployed and last worked in March of 1984. He has no checking or savings accounts, owns no automobiles or real estate, and according to his IFP application, has no monthly income. Indeed, it appears that Robinson depends entirely on a local charity for support. Robinson's assets and income would not allow him to pay the filing fee without impairing his ability to obtain the necessities of life. Accordingly, the Court **GRANTS** Robinson's request to proceed *in forma pauperis*.

III.   <u>Sua Sponte Review of the Complaint</u>

A.   Legal Standard

Under 28 U.S.C. § 1915(e)(2)(B)(ii), after a district court grants an application to proceed IFP, it must review the complaint sua sponte. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126 (9th Cir. 2000). If the complaint fails to state a claim, "the court *shall* dismiss the case at any time if the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added).

Rule 12(b)(6) sets for the standard for failure to state a claim. Under Rule 12(b)(6), the court must take all allegations of material fact in the complaint as true and construe them in the light most favorable to the plaintiff. See <u>Parks Sch. of Business, Inc. v. Symington</u>, 51 F.3d 1480, 1484 (9th Cir. 1995). The court may dismiss either for lack of a cognizable legal theory or lack of sufficient facts alleged under a cognizable legal theory. <u>Robertson v. Dean Witter Regnolds, Inc.</u>, 749 F.2d 530, 534

(9th Cir. 1984). Further, Rule 8(b) requires a statement that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.

### B. Robinson's complaint fails to state a claim.

The court's review of Robinson's complaint reveals no facts sufficient to state a claim upon which relief may be granted. Robinson's complaint consists of one incomprehensible paragraph of allegations, and nowhere references a federal cause of action. The court can only infer that Robinson believes the defendants have tampered with his mail. But the federal statutes criminalizing mail tampering do not provide a private civil cause of action. See 18 U.S.C. §§ 1701–03; Contemporary Mission, Inc. v. U.S. Postal Serv., 648 F.2d 97, 103 n.7 (2d Cir. 1981) (holding that the district court correctly rejected these criminal statutes as a basis for jurisdiction in a civil case). Robinson's complaint contains no other allegations suggesting a discernible federal case.

Because Robinson's complaint fails to state a cognizable legal theory, the court will **DISMISS** it without prejudice.

### IV. Order to Show Cause
### A. Legal Standard

Under the All Writs Act, 28 U.S.C. §1651(a), federal courts have the authority to declare certain litigants vexatious and impose prefiling conditions upon them. See De Long v. Hennessey, 912 F.2d 1144 (9th Cir. 1990). A district court may enter a prefiling order barring a litigant from commencing any new actions without first obtaining permission from the court. See, e.g., O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir. 1990) (requiring pro se inmate deemed a vexatious litigant to show good cause before being permitted to file future actions); De Long, 912 F.2d at 1146–47 (prohibiting filings of pro se litigant proceeding IFP without leave of the district court); Moy v. United States, 906 F.2d 467, 469 (9th Cir. 1990) (forbidding pro se plaintiff from filing further complaints without prior approval of district court).

1  In De Long, the Ninth Circuit acknowledged that prefiling orders are an extreme remedy and should be imposed rarely. De Long, 912 F.2d at 1147. But the court upheld a prefiling order because the case met several requirements that protect the litigant's due-process rights. First, the litigant must be given an opportunity to oppose the order. Id. Second, an adequate record of abusive conduct must be made for review. Id. This record "should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." Id. Third, the court must make substantive findings as to the frivolous or harassing nature of the litigant's actions. Id. at 1148. Finally, the prefiling order "must be narrowly tailored to closely fit the specific vice encountered." Id.

**B.  Robinson's numerous frivolous and harassing suits justify a prefiling order.**

Robinson's litigation history in this district demonstrates an abuse of the judicial process. Robinson has filed eight frivolous suits in this district, in addition to the present case. One set of these suits were filed against officials of the Immigration and Naturalization Service and the Social Security Administration. See Robinson v. Brohos, No. 07-cv-875 ("Robinson I"); Robinson v. Immigration Deportation, No. 06-cv-438 ("Robinson II"); Robinson v. INS, No. 06-cv-338 ("Robinson III"); Robinson v. Social Security, No. 06-cv-761 ("Robinson IV"). These suits contain patently absurd or irrelevant allegations that Robinson should not be on parole, should not have been denied Social Security benefits even though awaiting deportation, should not have been denied a medical card, should not be deported, and should have been allowed to stay in a halfway house.

Further, Robinson wastes judicial resources by filing duplicitous lawsuits or abandoning any that survive initial review. For example, the court dismissed Robinson II as a duplicate complaint and Robinson III for failure to prosecute the case. Thus, the court cannot infer that Robinson merely lacks the legal sophistication to discern frivolous suits from meritorious ones.

A second set of suits name the Hon. Larry Alan Burns as defendant. They allege that Judge Burns is "corrupt," "a thief," and has "sold" the Robinson's case "for money." See Robinson v. Burns, No. 07-cv-1095 ("Robinson V"); Robinson v. Burns, No. 07-cv-1380 ("Robinson VI"). The court dismissed both of these cases for failure to state a claim upon which relief can be granted. Further, having taken note of Robinson's pattern of successive lawsuits, the court dismissed one of these cases with prejudice, presumably to prevent Robinson from simply refiling a nd wasting more judicial resources.

A third set of suits names the Plaza Hotel—apparently where Robinson resides—and/or officers or employees of the hotel for millions in damages for reading his mail. See Robinson v. Harvey, No. 06-cv-1455 ("Robinson VII"); Robinson v. Hubbard, No. 06-cv-2324 ("Robinson VIII"). The court dismissed Robinson VIII for failure to prosecute and Robinson VII for failure to state a claim upon which relief can be granted. The present case is the third suit asserting the same cause of action. Robinson went so far as to *appeal* the court's dismissal in Robinson VIII, even though he failed to show for the hearing on April 30, 2007, where the court would have allowed him to explain his delay in prosecuting the case. Further, Robinson states that he filed the present case to "re-start" his legal case because the Hon. Larry Burns and the Hon. Thomas Whelan "sold [his] case declining [his] rights." (Compl. at 2.)

The court finds that none of the nine suits Robinson has filed—all in the past two years—have any reasonable basis in law or fact. Attached to some filings (for example, the complaint in Robinson VIII) is a letter from Dr. Alexander Papp, director of the San Diego REACH program from which Robinson receives support. According to its website, www.telecarecorp.com, San Diego REACH provides services to the homeless, mentally ill, and recovering substance abusers in the area. Dr. Papp states that Robinson suffers from schizophrenia and post–traumatic stress disorder. While the court cannot authenticate this letter, its contents do appear consistent with the history of Robinson's allegations in all nine of his suits.

The court further finds that Robinson's lack of success in prior lawsuits has not deterred him from filing more. Because Robinson has no assets or income, he validly petitions for IFP status upon commencing each case. Thus, he has no material stake in seeing any case through the court process. Further, his history of duplicitous and abandoned litigation suggests that he either does not know he has wasted the courts' time or does not care. While sua sponte review of his complaints does limit Robinson's inconvenience to third parties, it also allows him to abuse the judicial system and waste resources with impunity.

Therefore, the court concludes that cause exists to impose prefiling conditions on Robinson. The court further concludes that no less restrictive alternative will deter Robinson from filing more of the same types of cases.

The court hereby **ORDERS** Robinson to show cause why he should not be declared a vexatious litigant and why he should not be enjoined from filing lawsuits against any of the following defendants without leave from the Hon. Irma E. Gonzalez, Chief Judge, United States District Court for the Southern District of California:

- the Immigration & Naturalization Service, John Brohos, and any immigration judge who has handled Robinson's case(s) as of today (if any);
- the Social Security Administration, or any Social Security official who has handled Robinson's case(s) as of today (if any);
- the Hon. Larry A. Burns, and any judge in this district who has handled any of Robinson's cases as of today;
- the Plaza Hotel, Gary Hubbard, Doug Harvey, Christine Helsell, and San Diego REACH.

Robinson may show cause <u>in writing</u> on or before October 15, 2007. If he fails to respond, this court will declare Robinson a vexatious litigant and enjoin him from filing lawsuits without leave as detailed above.

//

//

## V. Conclusion & Order

In light of the foregoing, the court **GRANTS** the motion to proceed *in forma pauperis*, **DISMISSES** the complaint for failure to state a claim upon which relief can be granted, and **ORDERS** Robinson to show cause why the Court should not designate him a vexatious litigant on or before October 15, 2007.

**IT IS SO ORDERED.**

Dated: September 24, 2007

Hon. THOMAS J. WHELAN
United States District Court
Southern District of California

-8-

07cv1560